09-3712-ag
Chen v. Holder

BIA
Nelson, IJ
A098 291 905

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of October, two thousand ten.

PRESENT:
>    GUIDO CALABRESI,
>    REENA RAGGI,
>    PETER W. HALL,
>        *Circuit Judges.*

_____

CAISHEN CHEN,
>    *Petitioner,*

>    v.                                   09-3712-ag
                                          NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>    *Respondent.*

_____

FOR PETITIONER:        Jan Allen Reiner, New York, New
                       York.

**FOR RESPONDENT:**        Tony West, Assistant Attorney General, Emily Anne Radford, Assistant Director, Craig A. Newell, Jr., Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Caishen Chen, a native and citizen of China, seeks review of the August 3, 2009, order of the BIA, affirming the November 30, 2007, decision of Immigration Judge ("IJ") Barbara A. Nelson denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Caishen Chen*, No. A098 291 905 (B.I.A. Aug. 3, 2009), *aff'g* No. A098 291 905 (Immig. Ct. N.Y. City Nov. 30, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

The BIA correctly found that Chen was ineligible for relief based solely on his wife's forced sterilization. *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 309-10 (2d Cir. 2007); *Matter of J-S-*, 24 I & N Dec. 520 (A.G. 2008); *see also Matter of S-L-L-*, 24 I & N Dec. 1 (BIA 2006). Contrary to Chen's argument, the BIA did not err in its application of law because, as a general rule, the BIA applies the law in effect at the time it enters its decision. *See* 8 C.F.R. § 1003.1(d)(3)(ii) (BIA has authority on appeal to review questions of law *de novo*); *cf. NLRB v. Coca-Cola Bottling Co.*, 55 F.3d 74, 78 (2d Cir. 1995) ("Appellate courts ordinarily apply the law in effect at the time of the appellate decision.")(internal quotation marks omitted). Moreover, the agency reasonably found that, even assuming Chen's credibility and that he had resisted China's family planning policy by engaging in an altercation with family planning officials as he was trying to see his wife who had been brought in for an abortion, the harm he suffered during that confrontation with family planning officials did not rise to the level of persecution. *See Beskovic v. Gonzales*, 467 F.3d 223, 225-26 (2d Cir. 2006); *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341-42 (2d Cir. 2006).

The BIA also observed that Chen did not present sufficient evidence to demonstrate that he had a well-founded fear of future persecution based on any "resistance." However, as the government argues, in its opening brief before us, Chen does not challenge that finding. Additionally, Chen does not challenge the agency's denial of his application for withholding of removal and CAT relief.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk

3